**Billy D. INGELS, Harold D. Ingels, and Beverly Ingels, Respondents,**

v.

**Mary L. NOEL, Ex–Officio Collector of Nodaway County, Appellant.**

**No. WD 43350.**

Missouri Court of Appeals, Western District.

Feb. 26, 1991.

David A. Baird, Pros. Atty., Maryville, for appellant.

James W. Whan, Maryville, for respondents.

Before MANFORD, P.J., and BERREY and GAITAN, JJ.

GAITAN, Judge.

This appeal seeks to review an injunction issued against the Nodaway County Collector, defendant-appellant, enjoining her from collecting real estate taxes which were allegedly increased without prior statutory notice to plaintiff-respondent, Ingels. The appellant alleges the trial court erred in granting the injunction because (1) it lacked jurisdiction to do so, and (2) it found that notice was required. We affirm.

Since June, 1984, the Ingels have owned certain land in Nodaway County operated by them as a partnership called "Lakeview Properties." Some 30 acres of that tract are used for agricultural purposes, and about 23 acres are used for a mobile home park, known as "Thunderbird Mobile Home Estates." Mary Noel is treasurer and ex-officio collector of Nodaway County.

For 1987, the Nodaway County assessor placed an assessed valuation on that real estate, with resulting taxation as follows:

| ASSESSED VALUATION | TOTAL TAX |
| --- | --- |
| $65,610.00 | $2,224.17 |
| 63,710.00 | 726.29 |

Thereafter, in 1988, the Nodaway County assessor placed an assessed valuation on that real estate, with resulting taxation as follows:

| ASSESSED VALUATION | TOTAL TAX |
| --- | --- |
| $92,720.00 | $2,753.80 |
| 90,820.00 | 1,035.35 |

Both sides agree that the increased assessed valuation for 1988 was without prior notice to Ingels. That is, Ingels' first notice of the new assessed valuation and increased taxes for 1988 was upon receipt of Nodaway County's 1988 tax bill in late November or early December, 1988.

On December 30, 1988, Harold D. Ingels delivered to Mary Noel and to the Polk Township collector, respectively, checks for payment of the 1988 real estate taxes in amounts based upon the 1987 assessed valuation and taxes. Also delivered simultaneously therewith were letters of protest. At that time, one of the recipients, Mary Noel, indicated an uncertainty about accepting payment in an amount less than the tax bill and the checks were eventually returned through the mail to the Ingels'

attorney with Mary Noel's letter of January 31, 1989.

This action was filed in the trial court on March 28, 1989. The trial court ruled in favor of the Ingels, declaring the increased real estate tax assessment for 1988, and the tax computed thereon, to be void. That court enjoined the collector from collecting, or attempting to collect, the taxes resulting from that increase and ordered her to correct her tax books to so reflect. The court also ordered the 1988 real estate tax assessment on this realty to be based on the 1987 assessment, and that the Ingels should be charged no penalties or interest on such real estate taxes if paid within five days after the judgment becomes final. Nodaway County thereafter filed this appeal.

## I.

This case was tried to the court without a jury. In its first point, Nodaway County seeks reversal of the judgment alleging that the trial court lacked jurisdiction of the cause. Nodaway County bases this claim on two points: (1) Ingels did not strictly comply with Mo.Rev.Stat. § 139.031 (Supp.1987), and had elected that remedy, and/or (2) the injunction action was not timely filed.

This appeal is reviewed subject to the mandate of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Nodaway County first urges the court to reverse because of the manner in which Ingels protested the 1988 taxes. Nodaway County asserts that the tendering of payment of less than the full tax billed for 1988 with protest letters, and the subsequent filing of a lawsuit, has caused Ingels to be limited and bound solely by the relief available under Mo.Rev.Stat. § 139.031 (Supp.1987). Having become so limited and not having complied with that statute, the county argues that the trial court had no jurisdiction to entertain this action.

Taxpayers are not limited to the procedures of that statute. Equitable relief is available in certain cases. *John Calvin*

*Manor, Inc. v. Aylward*, 517 S.W.2d 59, 63 (Mo.1974).

Assuming that at least two possible remedies exist, a litigant has not finally elected his remedy until there has been something gained by him or lost by his opponent. As such, even the institution of suit is not a conclusive and irrevocable election of remedies. *Grote Meat Co. v. Goldenberg*, 735 S.W.2d 379, 386 (Mo.App. 1987); *see also State ex rel. Hilleary & Partners, Ltd. v. Kelly*, 448 S.W.2d 926, 931 (Mo.App.1969).

In *John Calvin Manor*, the first notice which the taxpayer had of the increased valuation of the real estate was upon receipt of the tax statement in December of that year. In upholding the taxpayer's successful injunction action, the Missouri Supreme Court held that equitable actions remain a viable source of relief in addition to statutory provisions for review, particularly when the taxpayer has been deprived of prior notice of the increased assessment. 517 S.W.2d at 63.

Therefore, two avenues of relief were available to the Ingels. While it may have seemed in the first instance that the respondents chose the statutory method, technically, they failed to consummate their protest in accordance with the statute. Instead, these taxpayers elected the equitable cause of action. The court correctly assumed jurisdiction of this equity action.

Citing *John Calvin Manor*, Nodaway County also asserts that the Ingels' injunction action was not timely filed. The county indicates that an injunction suit must be filed within the calendar year that the taxes are due. They cite no authority for their position, and we do not believe that, absent authority to the contrary, such a rigid time constraint should be imposed here. Since the taxes paid, here, were rejected, the taxing authority had not been paid and injunctive relief is an appropriate remedy.

## II.

Nodaway County concedes that the assessed valuation of the Ingels' real es-

tate was increased in 1988 without giving the prior statutory notice. The County seeks to justify the lack of prior notice by depicting this increased valuation as an exception to the notice rule, when, in fact, no exception exists in Missouri law. Section 137.180 says:

> Whenever any assessor shall increase the valuation of any real property he shall forthwith notify the record owner of such increase, either in person, or by mail directed to the last known address; every such increase in assessed valuation made by the assessor shall be subject to review by the county board of equalization whereat the landowner shall be entitled to be heard, and the notice to the landowner shall so state.

Mo.Rev.Stat. § 137.180 (1986).

Nodaway County argues that the factual background of this case is so unique as to escape the notice requirements of § 137.180. The statute creates no exceptions to the notice requirement, and Nodaway County has cited no authority creating any. The statute provides: (1) if the assessor increases the valuation of realty, (2) then notice shall forthwith be given to the landowner about the increase, and (3) each increase shall be subject to review by the county board of equalization "whereat the landowner shall be entitled to be heard, and the notice to the landowner shall so state."

As previously noted, a similar fact situation appears in the *John Calvin Manor* case, where the court sustained injunction of the collection of taxes which resulted from an increased assessed valuation without prior notice to the landowner. 517 S.W.2d at 60–62; *see also United Missouri Bank v. March*, 650 S.W.2d 678 (Mo.App. 1983).

Missouri statutes create no exception for newly-classified real estate being added to existing property. If the assessed value of the tract is increased, then the taxpayer has a statutory right to be heard on the valuation of the real estate. Mo.Rev.Stat. § 137.180 (1986).

Nodaway County further argues that the increased assessed valuation for 1988 was not done by the assessor, but achieved au-

tomatically by statutory re-classification of manufactured homes as realty. But by statute, real estate assessment is done by the county assessor, not by the legislature. Mo.Rev.Stat. § 137.115 (Supp.1987). Although the law changed concerning classification of manufactured homes, the valuation thereof was still done by the local assessor. Resulting increased assessments would be subject to review by the board of equalization "whereat the landowner shall be entitled to be heard ..." Mo.Rev.Stat. § 137.180 (1986).

Finally, this case concerns increased real estate assessed valuation (and resulting increased taxation) without lawful notice of the year 1988. Nodaway County's assertions concerning the Ingels' payment or non-payment of personalty taxes for prior years is not at issue.

For the aforesaid reasons, the judgment of the trial court is affirmed.

BERREY, J., concurs.

MANFORD, J., did not participate in the decision of this Court because of his death on February 12, 1991.